UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>            Plaintiff,<br><br>    v.<br><br>J. BROWN, et al.,<br><br>            Defendants. | CASE No. 1:12-cv-01370-MJS (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

## I. SCREENING REQUIREMENT

Plaintiff Isabel Tubach is a state prisoner incarcerated at the Central California Women's Facility-Chowchilla ("CCWF") proceeding pro se in this civil rights action filed on August 22, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complains Defendant Governor Brown is allowing CCWF corrections staff Defendants to abuse her as alleged below:

On August 16, 2012, Defendant Long raped her and induced her to have heart attacks. (Compl. at 3.)

Defendants Guzman, Stevens, Gutierrez and Del Toro presently are raping and sodomizing her. (Id.)

Defendant Nurses Yancy and Virgin presently are attempting to induce heart attacks by putting deadly substances in her nose. (Id.)

She names as Defendants (1) Jerry Brown, Governor, (2) Long, CCWF Nurse, (3)

Guzman, CCWF Corrections Officer, (4) Stevens, CCWF Corrections Officer, (5) Gutierrez, CCWF Corrections Officer, (6) Del Toro, CCWF Corrections Officer, (7) Yancy, CCWF Nurse, (8) Virgin, CCWF Nurse. (Id. at 2-3.)

She alleges imminent danger and seeks injunctive relief requiring Governor Brown to stop the foregoing criminal plot and sex slavery. (Id. a 3.)

### III.   DISCUSSION

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 88-89 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Three levels of appeal are involved; the first level, second level, and third level. Id. at §§ 3084.2, 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the appeals coordinator. Id. at § 3084.8(b). Once the third

level review is complete, the inmate has exhausted administrative remedies. Id. at § 3084.1(b)

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).

There is no exception to the exhaustion requirement for imminent harm. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1170-71 (9th Cir. 2005). Because it is clear from the face of Plaintiff's complaint that she could not yet have exhausted the administrative grievance procedure, this action must be dismissed.[1] 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal, so long as no exception to exhaustion applies."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009).

## IV. **CONCLUSION AND ORDER**

Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action

---

[1] To the extent Plaintiff believes she is in danger, she has other avenues of relief available to her, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 165 Cal.App.4th 1445, 1461 (Cal. Ct. App. 2008).

should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order. Failure to follow this order will result in the action being dismissed, without prejudice, for failure to comply with the order of the Court.

IT IS SO ORDERED.

Dated:  August 26, 2012            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE