UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE No. 1:12-cv-01370-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RETRAINING ORDER |
| v. | (ECF No. 7) |
| J. BROWN, et al., | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| Defendants. | (ECF No. 4) |
| | CLERK TO TERMINATE PENDING MOTIONS AND CLOSE FILE |

I. **PROCEDURAL HISTORY**

Plaintiff Isabel Tubach, a state prisoner incarcerated at the Central California Women's Facility-Chowchilla ("CCWF"), proceeds pro se in this civil rights action filed on August 22, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has

-1-

consented to Magistrate Judge jurisdiction. (Consent, EFC No. 5.)

On August 27, 2012, the Court issued its order requiring Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (Order Show Cause, ECF No. 4.) On October 2, 2012, Plaintiff responded to the Order to Show Cause. (Response to Order, ECF No. 6.) On October 4, 2012, Plaintiff filed a motion for temporary restraining order ("TRO") against Defendant Guzman. (Mot. for TRO, ECF No. 7.) The return on Order to Show Cause and the Motion for TRO are now before the Court.

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complains Defendant Governor Brown is allowing CCWF staff Defendants to abuse her as indicated below:

On August 16, 2012, Defendant Long raped her and induced her to have heart attacks. (Compl. at 3.)

Defendants Guzman, Stevens, Gutierrez and Del Toro presently are raping and sodomizing her. (Id.)

Defendant Nurses Yancy and Virgin presently are attempting to induce heart attacks by putting deadly substances in her nose. (Id.)

She names as Defendants (1) Jerry Brown, Governor, (2) Long, CCWF Nurse, (3) Guzman, CCWF Corrections Officer, (4) Stevens, CCWF Corrections Officer, (5) Gutierrez, CCWF Corrections Officer, (6) Del Toro, CCWF Corrections Officer, (7) Yancy, CCWF Nurse, (8) Virgin, CCWF Nurse. (Id. at 2-3.)

She alleges imminent danger and seeks injunctive relief requiring Governor Brown to stop the foregoing criminal plot and sex slavery. (Id. at 3.)

## III. ANALYSIS

### A. Failure to Exhaust

#### 1. Plaintiff Could Not Have Exhausted

Plaintiff alleges constitutional violations occurring on and after August 16, 2012 as to which she could not have exhausted administrative remedies prior to filing this action on August 22, 2012.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Three levels of appeal are involved; the First Level, Second Level, and Third Level. Id. at §§ 3084.2, 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the appeals coordinator. Id. at § 3084.8(b). Once the Third Level review is complete, the inmate has exhausted administrative remedies. Id. at § 3084.1(b).

Here Plaintiff argues she was unable to exhaust because Defendant Guzman, who has satanic influence and to whom Governor Brown has given the power to run the prison such that the warden can not take action against him, "would not allow her grievances to be processed so the Court dismiss [her] complaints." (Resp. to Order to Show Cause at 2:1-4.) The court is mindful that the failure to respond to a properly filed grievance may result in a finding that exhaustion occurred. Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials'

conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable.)

However, Plaintiff fails to allege facts suggesting she filed, or made any effort to file, a prison grievance relating to the instant claims and that such grievance was not processed or responded to during the thirty working days afforded prison officials for responding to First Level appeals. Cal. Code Regs., tit. 15 § 3084.8(c); see King v. Tracy, 2007 WL 2220988, No. 1:06-cv-00108-AWI-SMS PC, *1 (E.D. Cal. Jul. 30, 2007) (motion to dismiss for failure to exhaust granted because no evidence submitted demonstrating an appeal was properly filed in compliance with all applicable procedural rules). Defendants were not obliged to dispositively respond to a grievance relating to an August 16, 2012 event by August 22, 2012, the date Plaintiff filed this action. Nor does she allege facts suggesting repeated rejections of her grievances generally so as to give rise to a reasonable good faith belief that administrative remedies were effectively unavailable. See Sapp, 623 F.3d at 826.

Additionally Plaintiff argues Defendant Guzman has placed her in imminent danger, making her a sexual slave to prison staff, putting acid on her face, and using toxins inducing thirteen heart attacks and three strokes in attempts to murder her. (Resp.

to Order to Show Cause at 3:4-8:15.) Even if these allegations could be taken as true, there is no exception to the exhaustion requirement for imminent harm.

Plaintiff's Complaint discloses on its face that she has not exhausted administrative remedies as to the claims asserted therein.

### 2. Plaintiff's Action May be Dismissed for Failure to Exhaust

Plaintiff's Complaint, for the reasons stated above discloses a failure to exhaust administrative remedies.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).)

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002).) "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and

effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5.)

If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1170-71 (9th Cir. 2005); see also Hill v. Chalanor, 419 F.Supp.2d 255, 257 (N.D.N.Y. 2006) (district court may, sua sponte, dismiss case for failure to exhaust administrative remedies.) Because it is clear from the face of Plaintiff's Complaint that she could not have exhausted the administrative grievance procedure, this action must be dismissed.[1] 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid grounds for dismissal, so long as no exception to exhaustion applies.")

Here Plaintiff's Complaint on its face discloses a failure to exhaust administrative remedies prior to filing, such that this action may be dismissed without prejudice. Prisoners must exhaust their administrative remedies prior to filing suit, not during the pendency of the suit. See McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed.")

B. **Temporary Restraining Order**

Plaintiff seeks a TRO against Defendant Guzman preventing the ongoing sexual

---

[1] To the extent Plaintiff believes she is in danger, she has other avenues of relief available to her, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 165 Cal.App.4th 1445, 1461 (Cal. Ct. App. 2008).

slavery and attempts on her life discussed above. (Mot. for TRO at 2:7-7:11.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20.) An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal

right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief. Plaintiff has not established the Court has jurisdiction to order injunctive relief.

Additionally, nothing before the Court suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Her allegations against Defendant Guzman, that Governor Brown has given him the power to run CCWF and that he does so by using his satanic influences to cause staff to sexually abuse her and attempt to kill her by inducing heart attacks and strokes and by putting acid in her cosmetics are bizarre, irrational or incredible and thus factual frivolous. Edwards v. Snyder, 478 F.3d 827, 829–830 (7th Cir. 2007); see also Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under Section 1915 if it is "clearly baseless"); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.")

The absence of a showing of harm leaves nothing to tip the balance of equities in Plaintiff's favor. Plaintiff has not stated any claims for relief which are cognizable under federal law for the reasons stated above.

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v.

-8-

Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Accordingly, the Court has no jurisdiction to award, and Plaintiff is not entitled to receive, injunctive relief.

## IV.    CONCLUSIONS AND ORDER

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief such that her Motion for Temporary Restraining Order against Defendant Guzman (ECF No. 7) shall be denied.

Plaintiff's Complaint discloses on its face a failure to exhaust administrative remedies prior to filing, such that this action shall be dismissed without prejudice.

Accordingly it is HEREBY ORDERED that:

1. Plaintiff's Motion for Temporary Protective Order (ECF No. 7) is DENIED,
2. This action is DISMISSED without prejudice for failure to exhaust administrative remedies,
3. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated:   October 29, 2012             /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE